UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY LEE EARLY

VERSUS                                                CIVIL ACTION

WILLIAM DOUGLAS, E T AL                               NUMBER 06-972-FJP-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, _____December_____, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



JOHNNY LEE EARLY

VERSUS                                                                          CIVIL ACTION

WILLIAM DOUGLAS, E T AL                                   NUMBER 06-972-FJP-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment. Record document number 21. The motion is not opposed.

Pro se plaintiff, an inmate confined at East Baton Rouge Parish Prison, Scotlandville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Willie Douglas and Lisa Olsten. Plaintiff alleged that he was subjected to unconstitutional conditions of confinement in violation of his constitutional rights.

Defendants moved for summary judgment relying upon a statement of undisputed facts, the affidavit of Mary Lynne Henson and the results of administrative grievance numbers 01-1131, 02-00043 and 06-2081.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P.

Section 1997e of Title 42 of the United States Code provides in pertinent part the

following:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e clearly requires a state prisoner to exhaust available administrative remedies *before* filing a § 1983 suit and precludes him from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). The exhaustion requirement is "mandatory, 'irrespective of the forms of relief sought and offered through administrative avenues.'" *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003), citing *Booth v. Churner*, 532 U.S. 731, 739, 741 n.6, 121 S.Ct. 1819 (2001). Exhaustion requires timely filing in accordance with the applicable institutional procedures. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2388 (2006). If an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," an inmate has not properly exhausted his administrative remedies. *Id*. at 2382.

Plaintiff alleged that he has been denied access to the prison law library, beaten and forced to provide his fingerprints to prison officials, denied access to an off-site hospital, and was served contaminated food. Plaintiff amended his complaint to allege that a fellow inmate threw human waste on him and he was denied adequate medical treatment for sexually transmitted diseases and tapeworms.

In his original complaint the plaintiff conceded that he did not exhaust available administrative remedies. Plaintiff explained that he did not exhaust administrative

2

remedies because he is "dealing with the enemy."[1] In his second amended complaint, the plaintiff stated that he submitted an administrative grievance on October 30, 2006, but did not receive a response from prison officials.[2]

The summary judgment evidence showed that the plaintiff filed three administrative grievances complaining about the extraction of a broken tooth. None of the grievances were exhausted at the second step of the two-step procedure and none are related to the claims raised in the complaint.

The summary judgment evidence supports a finding that the plaintiff failed to exhaust available administrative remedies regarding his claims against the defendants.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action be dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

Baton Rouge, Louisiana, _December 11_, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

---

[1] Record document number 1, complaint, p. 3, ¶ D.

[2] Record document number 6, amended complaint, p. 3, ¶ C and D.